■ In the Matter of RAYMOND J. CAPRARI, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County), to review a determination of respondent which denied petitioner's request to withdraw from the retirement plan set forth in Retirement and Social Security Law § 384.

Petitioner joined the New York State Policemen's and Firemen's Retirement System (hereinafter the System) in 1967 when, as a firefighter employed by the Village of Johnson City in Broome County, he filed an election form choosing the optional 25-year retirement plan provided by Retirement and Social Security Law § 384 (unless otherwise indicated, all statutory references hereinafter are to the Retirement and Social Security Law). Additional benefits for service beyond 25 years is authorized by section 384 (f), provided that the member makes the appropriate election as provided for in section 384 (h). Pursuant to section 384 (h), a member who makes such an election shall be separated from service on the first day of the calendar month next succeeding his attainment of age 62. Petitioner filed the appropriate election form, which contained a notice indicating that in order to be eligible for

the additional benefits provided by section 384 (f), a member consents to have his separation from service governed by section 384 (h).

As a result of various injuries sustained during the course of his employment, petitioner was carried on the employer's payroll pursuant to General Municipal Law § 207-a until 1981, when respondent granted the employer's application for involuntary accidental disability retirement, filed pursuant to General Municipal Law § 207-a (2). Petitioner was required to file a "Retirement Option Election Form", which he did under protest, and he thereafter received payments from the System. The employer paid petitioner the difference between the amount of his retirement benefits and the full salary he would have received as a firefighter, as required by General Municipal Law § 207-a (2). These supplemental payments by the employer are to continue until petitioner reaches the mandatory service retirement age applicable to him, which as noted above is age 62. If petitioner's mandatory retirement age was not governed by the provisions of an early retirement plan, he would apparently be entitled to the supplemental payments from his employer until he reached the general mandatory retirement age of 70.

In May 1986 petitioner filed a request to withdraw from the optional 25-year retirement plan provided for by section 384. The System refused to process the request upon the ground that only a member of the System is eligible to withdraw from the optional plan and petitioner's membership terminated upon his retirement in 1981. Petitioner appealed to respondent, contending that his "involuntary" retirement should not deprive him of the right to withdraw from the optional 25-year plan. Respondent denied petitioner's application and this proceeding ensued.

We reject petitioner's contention that an "involuntary" retirement is not the type of retirement that should terminate his membership in the System. Termination of membership occurs "[w]hen a member shall retire" (§ 340 [f] [3]), and there is no distinction between retirement upon the member's application and retirement upon the employer's application, both of which are authorized by section 363-c (c).

We also reject petitioner's constitutional argument since it is predicated upon essentially the same theory as that rejected by the Court of Appeals in *Cook v City of Binghamton* (48 NY2d 323), wherein the court upheld the constitutionality of the amendment to General Municipal Law § 207-a which,

*inter alia,* permitted the "involuntary retirement" that is the subject of petitioner's complaint. Any impact of petitioner's involuntary retirement upon his right to withdraw from an early retirement plan "is minor and entirely incidental, and may not be said to lie within the area of actions prohibited by the Constitution" *(supra,* at 332). It is apparent that the real object of petitioner's claim is the impact of his "involuntary retirement" upon his right to continue receiving supplemental benefits from his employer pursuant to General Municipal Law § 207-a, which is an employment benefit that is neither contractual in nature nor within the proscription on the impairment of vested pension rights *(supra,* at 331-332).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.